UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RANDEL EDWARD PAGE, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>    Defendants. | Case No. 3:23-cv-00851<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

## ORDER TO SHOW CAUSE

This Order to Show Cause addresses service of process on the United States of America. The Court informed pro se Plaintiff Randel Edward Page, Jr., at the beginning of this action that he "is responsible for effecting service of process on Defendants in accordance with Federal Rule of Civil Procedure 4" and that "[f]ailure to timely complete service of process will result in dismissal of this action." (Doc. No. 4, PageID# 28.) Rule 4(i)(1) governs service of process on the United States and provides that:

> To serve the United States, a party must:
>
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
>     **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)–(C).

The docket reflects that the Clerk of Court issued a summons to the United States on August 31, 2023, at Page's request. (Doc. No. 3.) On October 20, 2023, Page filed a proof of service affidavit stating that he personally served the summons addressed to the United States on a "[l]egal [a]ssistant" at the U.S. Attorney's Office for the Middle District of Tennessee on September 27, 2023. (Doc. No. 27, PageID# 137.) The United States has not appeared or responded to Page's complaint. Although Page states that he delivered the summons to the U.S. Attorney's Office for this District, as required by Rule 4(i)(1)(A), there is no indication that he also sent a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C." as required by Rule 4(i)(1)(B).

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also*

*Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

Because Page filed his complaint on August 15, 2023 (Doc. No. 1), the deadline for him to effect service of process on the United States under Rule 4(m) was November 13, 2023. *See* Fed. R. Civ. P. 4(m). In light of Page's pro se status, the Court will afford him an opportunity to show cause why the Court should not dismiss his claims against the United States.

Accordingly, Page is ORDERED TO SHOW CAUSE by June 24, 2024, why the Court should extend the time for Page to effect service of process on the United States and why the Magistrate Judge should not recommend that the Court dismiss Page's claims against the United States for failure to effect timely service of process under Rule 4(m). Page is warned that failure to comply with this Order to Show Cause will likely result in a recommendation that his claims against the United States be dismissed.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge