RECEIVED
JUN 25 2024
US DISTRICT COURT
MID DIST TENN

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RANDEL EDWARD PAGE, JR.,

    Plaintiff,

v.

UNITED STATES OF AMERICA et al.,

    Defendants.

Case No. 3:23-cv-00851

Chief Judge William L. Campbell, Jr.
Magistrate Judge Alistair E. Newbern

## ORDER TO SHOW CAUSE

This Order to Show Cause addresses service of process on the United States of America. The Court informed pro se Plaintiff Randel Edward Page, Jr., at the beginning of this action that he "is responsible for effecting service of process on Defendants in accordance with Federal Rule of Civil Procedure 4" and that "[f]ailure to timely complete service of process will result in dismissal of this action." (Doc. No. 4, PageID# 28.) Rule 4(i)(1) governs service of process on the United States and provides that:

> To serve the United States, a party must:
>
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)–(C).

The docket reflects that the Clerk of Court issued a summons to the United States on August 31, 2023, at Page's request. (Doc. No. 3.) On October 20, 2023, Page filed a proof of service affidavit stating that he personally served the summons addressed to the United States on a "[l]egal [a]ssistant" at the U.S. Attorney's Office for the Middle District of Tennessee on September 27, 2023. (Doc. No. 27, PageID# 137.) The United States has not appeared or responded to Page's complaint. Although Page states that he delivered the summons to the U.S. Attorney's Office for this District, as required by Rule 4(i)(1)(A), there is no indication that he also sent a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C." as required by Rule 4(i)(1)(B).

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also*

2

Case 3:23-cv-00851   Document 47   Filed 06/11/24   Page 2 of 3 PageID #: 311
Case 3:23-cv-00851   Document 50-1   Filed 06/25/24   Page 3 of 19 PageID #: 342

*Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

Because Page filed his complaint on August 15, 2023 (Doc. No. 1), the deadline for him to effect service of process on the United States under Rule 4(m) was November 13, 2023. *See* Fed. R. Civ. P. 4(m). In light of Page's pro se status, the Court will afford him an opportunity to show cause why the Court should not dismiss his claims against the United States.

Accordingly, Page is ORDERED TO SHOW CAUSE by June 24, 2024, why the Court should extend the time for Page to effect service of process on the United States and why the Magistrate Judge should not recommend that the Court dismiss Page's claims against the United States for failure to effect timely service of process under Rule 4(m). Page is warned that failure to comply with this Order to Show Cause will likely result in a recommendation that his claims against the United States be dismissed.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge

3

Case 3:23-cv-00851    Document 47    Filed 06/11/24    Page 3 of 3 PageID #: 312
Case 3:23-cv-00851    Document 50-1    Filed 06/25/24    Page 4 of 19 PageID #: 343

# Exhibit B

| | |
|---|---|
| RANDEL EDWARD PAGE, JR., <br> Plaintiff, <br><br> vs <br><br> UNITED STATES OF AMERICA, et al., <br> Defendants. | No. 3:23-cv-00851 <br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE NEWBERN |

## RESPONSE TO ORDER TO SHOW CAUSE

# FACTS

1. The Plaintiff withheld consent of referral to the Magistrate Judge because the Plaintiff has filed a Civil Rights complaint and request for injunction. The Plaintiff has filed motions for injunctive relief.

2. 28 USC § 636 (b) (1) (A) states:

    (b)
    (1) Notwithstanding any provision of law to the contrary—
    (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

3. A conspiracy against the Plaintiff's Civil Rights is being perpetrated by the Defendants violating 18 USC § 241. The conspiracy continues to cause financial damage and irreparable damage.

4. As part of the conspiracy, 15 USC § 1 and 15 USC § 2 have been violated causing harm to the Plaintiff.

5. The Civil Rights complaint is supported by substantial and material evidence that is in the possession of the Shelby County Chancery Court located at 140 Adams, Memphis TN 38103, the Department of Justice and the Shelby County District Attorney's Office located at 201 Poplar Avenue, Memphis TN 38103.

# CONCLUSION

6. For good cause the Plaintiff request an extension of time to effect service of process on the United States.

Randel Page <randelpage@gmail.com>

# Your shipment will soon be on its way

1 message

iShip_Services_315@iship.com <iShip_Services_315@iship.com>  Fri, Jun 14, 2024 at 11:28 AM
To: "RANDELPAGE@GMAIL.COM" <RANDELPAGE@GMAIL.COM>

THE UPS STORE

A shipment has been created

A package shipping to UNITED STATES DISTRICT COURT will be picked up by UPS on Friday, June 14, 2024.

Expected delivery
Monday, June 17, 2024 End of Day

Tracking information
Carrier: UPS Ground
Tracking #: 1ZX82207031613745З
Ship Ref 1: --
Ship Ref 2: --

Recipient
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT ATTN CLERK OFC
NASHVILLE, TN 37203-6940
(street address omitted intentionally)

Sender
RANDEL PAGE
--
Byhalia, MS 38611
(street address omitted intentionally)

Shipped from
THE UPS STORE #1700
(901) 854-5950

Sender's message
--

Tracking updates

Please note: Tracking information may not be available until several hours after the carrier picks up the package. Carriers normally pick up in the late afternoon.

Have a question?
Please contact UPS directly at 1-800-PICK-UPS (1-800-742-5877), and have your tracking number ready.

# Exhibit C

Delivered To: NASHVILLE TN US
Delivery Date: Mon 17 Jun 2024
Delivery Location: Receiver
Signed By: USMS
Carrier: UPS
Service: Ground Commercial
UPS Tracking Number: 1ZX82207031613745З

Track your package at UPS.com

Track your package at USPS.com

iShip, Inc. Privacy Notice
© 1998 - 2024 iShip, Inc. iShip, the iShip logo, Price It, Track It, Sell It, and Shipping Insight are trademarks of iShip, Inc. iShip, Inc. is a subsidiary of United Parcel Service of America, Inc. Logo and marks used by permission. All rights reserved

# Exhibit D

# IN THE SHELBY COUNTY CHANCERY COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICAL DISTRICT AT MEMPHIS

DATASYNC. LLC and RANDEL PAGE

vs.

MEMPHIIS DISRIBUTION SERVICES, INC. and MARK GUTHRIE

County Case # CH-20-0288

*[Stamp: SHELBY COUNTY CHANCERY COURT, JUN 17 2024, W. AARON HALL, C & M, TIME: ___ BY: ___]*

## AFFIDAVIT OF FACT IN SUPPORT OF COMPLAINT

1. I, Randel Edward Page Jr., state under oath that on April 23rd, 2024, I provided the Shelby County Chancery Court located at 140 Adams Memphis, Tennessee direct evidence of a conspiracy against my Civil Rights.

   (Exhibit A)

2. The affiant is seeking an injunction from the Federal Court for relief and damages outlined in the Civil Rights complaint.

   (Exhibit B)

3. As part of the conspiracy, the Affiant received an email from co-conspirator "Mark Guthrie" notifying the Affiant that locks to the property located at 1797 Florida Street, Memphis, Tennessee had been changed. Thus, implementing and executing an illegal self-help eviction.

   (Exhibit C)

4. Following the execution of the illegal action by "Mark Guthrie," the Affiant received a letter from attorney "John McManus" threatening the Affiant and violating **18 USC § 1341** and **TCA § 39-16-703**.

   (Exhibit D)

5. After being illegally locked out of his place of business at 1797 Florida Street, Memphis Tennessee. Affiant gained access to the property with representatives from Disaster Response and Restoration. The affiant and representatives from Disaster Response and Restoration documented the condition of the property and the damage to the affiant's inventory.

(Exhibit E)

6. The Affiant and representatives from Disaster Response and Restoration were present at the Temporary Restraining Order hearing regarding Case # CH-20-0288. Fraud on the Court was committed at the ("TRO") hearing by attorney "John McManus." Mr. McManus knowingly lied about the condition of the 1797 Florida Street property during his examination of the Affiant. The Affiants attorney "John Turner" committed Fraud on the Court and fraud against his client by not protecting his client and using the Chancery Court to cover up attorney "John McManus'" fraud against the Affiant.

(Exhibit F)

7. Attorneys' "John Turner" and "John McManus'" fraud against the Affiant has caused financial damage and irreparable damage to the Affiant. The Affiant filed a Motion to Stay in the Shelby County Chancery Court.

(Exhibit G)

8. Attorney "John McManus'" continued effort to legitimize an illegal state action has violated **18 U.S.C. § 1341.**

(Exhibit H)

9. Debbie Eddlestone. CEO of "Stern Cardiology" informed the Affiant of the plot against him. Ms. Eddlestone identified former Vice President of Technology Transfer for Baptist Memorial Health Care Corporation "Beverly Jordan" and "Huron Consulting Group" as co-conspirators of the plot to steal the Affiants property.

(Exhibit I)

10. As part of the conspiracy, attorney Dennis Goldasich confirmed the Contempt of a Court Order causing Fraud on the Court in **Case # CT-002704-17 VII. EPIC SYSTEMS CORPORATION, et al. BAPTIST MEMORIAL HEALTH CARE CORPORATION. et al. SHELBY COUNTY CIRCUIT COURT**, its Officials and Employees' Contempt of a Court Order has caused the Affiants Civil Rights for Due Process to be violated. The conspiracy against the Affiant is still active and continues to cause financial damage to the Affiant.

(Exhibit J)

11. The Affiant met with the Tennessee Bureau of Investigation and gave statements regarding the fraud and racketeering that has victimized he and his family. The affiant notified the ("TBI") of the Fraud on the Court being committed by attorney "John Turner" and attorney "John McManus." As part of the Conspiracy, the SHELBY COUNTY COURT's Zoom account was used to commit Fraud against the Affiant in both the CHANCERY COURT and the CIRCUIT COURT.

(Exhibit K)

12. The BOARD OF PROFESSIONALRESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE a wholly controlled State Agency committed Fraud against the Affiant. The unconstitutional actions by the ("BOARD") gave rise to the unlawful and fraudulent procedure. The ("BOARD's") participation in The Conspiracy and its unconstitutional actions continue to violate the Affiants rights for Due Process. The ("BOARD's") actions against the Affiant have prevented execution of surety for redress against its licensees, officers and employees. Thus, the conspiracy against the affiants Civil Rights and illegal actions by the ("BOARD") continue to cause financial damage and irreparable damage. The Civil Rights complaint is supported by substantial and material evidence that is in the possession of the Shelby County Chancery Court, The Department of Justice and the Shelby County District Attorney's Office.

(Exhibit L)

13. At the direction of attorney Steve Pitman, the Affiant put the Shelby County Circuit Court and Judge Mary Wagner on notice of the Fraud being committed against him. Fraud on the Court in **Case # CT-002704-17 VII** rendered fraudulent decisions and orders by Judge Mary Wagner violating his 14th amendment rights for Due Process.

(Exhibit M)

14. The Affiant met with the Town of Collierville Police Department located in Shelby County Tennessee regarding the conspiracy being perpetrated against him and his family members. The Affiant attempted to turn over to the ("CPD") direct evidence of the Conspiracy. The ("CPD") refused to take in the evidence and became an active participant in the conspiracy. The Affiant filed a claim against the Town of Collierville for damages.

(Exhibit N)

15. The affiant requested a meeting with the Department of Justice regarding the Conspiracy against his Civil Rights.

(Exhibit O)

16. Affiant made a FOIA request for information regarding his Civil Rights complaint. The request was denied. The information the Affiant requested is required for an impartial adjudication of his Civil Rights complaint.

(Exhibit P)

17. The Affiant filed a crime report with the Memphis Police Department regarding the Conspiracy against his Civil Rights.

(Exhibit Q)

18. I further state under oath that the violations of laws perpetrated by the Defendants against the Affiant include the violations of **18 USC § 241, 15 USC § 1 and 15 USC § 2**.

(Exhibit R)

19. The Affiant notified the Shelby County Circuit Court of his Federal Trade Commission complaint regarding the Fraud being committed against him and the Court.

(Exhibit S)

20. Court reporter Katherine M. Richmond an employee of Alpha Reporting manipulated the Affiants transcripts from his depositions. The Courts Zoom account in **Case # CT-002704-17 VII** was used to take depositions of the Affiant. Defendants' EPIC SYSTEMS CORPORATION and BAPTIST MEMORIAL HEALTH CARE CORPORATION committed fraud to conceal co-conspirator METHODIST LE BONHEUR HEALTHCARE's participation in the conspiracy against the Affiant. The affiant notified attorney Dennis Goldasich of the Fraud by Ms. Richmond, Alpha Reporting, BMHCC and Epic.

(Exhibit T)

21. As part of the conspiracy, the affiant was asked to attend a meeting with former Methodist Le Bonheur Health Care executive "Bill Breen." During that meeting Mr. Breen divulged information regarding the theft of the affiant's property and implicated Baptist Memorial Health Care Corporation's involvement in a fraud and racketeering scheme. At this meeting the affiant was asked about his knowledge of The West Clinic's involvement in the theft of the Affiants property and the fraud being committed by The West Clinic. The affiant was copied on an email sent by Stan Caummisar to attorney Dennis Goldasich.

(Exhibit U)

22. After discovering the STATE OF TENNESSEE did not possess the statutorily required Blanket Surety Bond, the Affiant acquired the STATE OF TENNESSEE – CERTIFICATE OF SELF-INSURANCE and requested the individual Bonds for the state's officers. The Affiant has not received the Bonds as he has requested.

(Exhibit V)

23. As part of the conspiracy, the Affiants property was stolen and is being used by the UNITED STATES OF AMERICA et al. The Affiant filed a complaint in the Federal Court for relief and an injunction for compensation.

(Exhibit W)

24. The Affiant received an ORDER TO SHOW CAUSE in Case No. 3:23-cv-00851

   (Exhibit X)

25. The Affiant withheld consent of referral to the magistrate judge because the Affiant has requested injunctive relief. 28 USC § 636 (b) (1) (a).

   (Exhibit Y)

The Affiant has taken action to protect his life, liberty and property.

The Affiant reserves all rights under the rule of law to enforce and impose legal remedy for vindication and redress for the violations of his Civil Rights.

_____
Signature

Sworn to before me this 17TH day of JUNE, 2024.

[Notary seal: CAYLA HUGHES HUDSON, STATE OF TENNESSEE, NOTARY PUBLIC, SHELBY COUNTY, MY COMMISSION EXPIRES 3-18-2025]

[Notary signature]
3/18/25
6/17/2024

## CERTIFICATE OF SERVICE

I, Randel Edward Page Jr., certify on June 17th, 2024, the foregoing AFFIDAVIT OF FACTS IN SUPPORT OF COMPLAINT was filed with the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis. A true and correct copy of the foregoing was served via US Mail on June 17th 2024, to the listed below:

John E. McManus

Attorney at Law

7842 Farmington Boulevard

Germantown, TN 38138