IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

---

RANDEL EDWARD PAGE, JR.

    Plaintiff,

v.                                             No. 3:23-cv-00851

UNITED STATES OF AMERICA;      Judge William Campbell, Jr.
STATE OF TENNESSEE; EPIC SYSTEMS      Magistrate Judge Alistair Newbern
CORPORATION; CORVEL CORPORATION;
BAPTIST MEMORIAL HEALTH CARE
CORPORATION; METHODIST LE BONHEUR
HEALTHCARE; and THE WEST CLINIC, PLLC,

    Defendants.

---

**RESPONSE BY DEFENDANT BAPTIST MEMORIAL HEALTH CARE CORPORATION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

### INTRODUCTION

Magistrate Judge Newbern correctly found that Plaintiff, Randel Page, Jr., had failed to meet basic pleading requirements in his Complaint—he had not alleged facts to support necessary elements of his claims against BMHCC and the other Defendants. In his "objections," Page fails to identify any error in the Magistrate Judge's analysis or conclusion. He does not even make reference to her Report and Recommendation except to say that he objects to it. Instead, he merely submits an affidavit in which he continues to make general, conclusory allegations that the Defendants have "conspired" in some "fraud" against him.

As an initial matter, Page has not complied with Sixth Circuit requirements and the Local Rules of this Court because he failed to timely file any *specific* objection to the Magistrate Judge's Report and Recommendation. General objections such as Page's have the same effect as a failure

1

to object—they force the District Judge to wholly duplicate the work of the Magistrate Judge, wasting judicial resources and defeating the purpose of the reference to the Magistrate Judge in the first place. The Court is not required to, and would be acting well within its discretion not to, give any consideration to the "objection" filed by Page.

In addition, Page relies almost exclusively on a self-serving affidavit to try to avoid dismissal of his claims. However, BMHCC filed its motion to dismiss pursuant to Rule 12(b)(6), and Page's affidavit contains matters outside the pleadings that should not be considered.

Still, even if the Court were to consider Page's "objections" and his affidavit, neither of these documents contain any factual allegations or cite to any legal authorities that would show that any portion of the Magistrate Judge's Report and Recommendations was erroneous. Indeed, in these documents, Page simply reiterates his conclusory allegations of fraud against BMHCC and the other Defendants without addressing the deficiencies the Magistrate Judge found in his Complaint.

The Court should overrule Page's "objections" and adopt the Magistrate Judge's Report and Recommendations in its entirety.

## PROCEDURAL HISTORY

On August 15, 2023, Page filed a pro se "Complaint and Request for Injunction" against BMHCC and the other Defendants, identifying the following federal statutes "at issue in this case": 42 U.S.C. §§ 1983 and 1985; 28 U.S.C. §§ 1343 and 1361; and 18 U.S.C. §§ 242, 371, 666, 1001, 1341, 1509, 1951, and 1962. (Doc. No. 1, PageID # 4.) The Complaint then goes on to allege:

1. The defendants are participating in a conspiracy to commit Fraud on the Court.

2. As part of the conspiracy, the defendants are covering up the theft of plaintiffs [sic] identity and property.

3. As part of the conspiracy, the plaintiffs [sic] Civil Rights are being violated.

> 4. As part of the conspiracy, the plaintiffs [sic] Constitutional Rights are being violated.
>
> 5. As part of the fraud, the plaintiffs [sic] mother (Mary Page) became a victim.
>
> 6. As part of the conspiracy, the fraud against (Mary Page) is being covered up by the defendants.
>
> 7. As part of the conspiracy, the plaintiff and plaintiffs [sic] family is being targeted by the defendants.

(*Id.* at PageID # 6.) No other facts are alleged in connection with these claims, other than they occurred between 2017 and the present and in connection with three unrelated lawsuits, one in the Circuit Court of Shelby County, Tennessee, one in the Chancery Court of Shelby County, Tennessee, and one in the United States District Court for the Middle District of Tennessee. (*Id.* at PageID # 5-6.)

Based on these vague and conclusory allegations, the Complaint requests monetary damages in the amount of $300 million; an "expert analysis of damages" to include actual damages, unjust enrichment, and punitive damages; and "royalties for the use of his property." (*Id.* at PageID # 7.)

The Court referred the action to the Magistrate Judge for case management and to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 4.) On October 9, 2023, Defendant BMHCC filed a motion to dismiss Page's claims against it, asserting that the criminal statutes referenced in the Complaint did not provide for any private right of action and that Page had failed to plausibly allege his federal civil rights claims and RICO claims against BMHCC. (Doc. No. 7-8.)

On June 17, 2024, the Magistrate Judge filed her Report and Recommendation on BMHCC's motion to dismiss, as well as those filed by the other Defendants. (Doc. No. 48.) First,

the Magistrate Judge noted that Page had clarified in his responses to the Defendants' motions that "the core claims in his complaint are his claims asserted under 42 U.S.C. §§ 1983 and 1985 that the defendants violated and conspired to violate his Fourteenth Amendment rights to due process and equal protection and his claims that the defendants violated the Racketeering Influenced Corrupt Organizations Act (RICO), 18 U.S.C. § 1962." (*Id.* at PageID # 318.)[1] The Magistrate Judge then proceeded to address the deficiencies in the Complaint relating to these claims that had been raised by BMHCC and the other Defendants.

With regard to Page's § 1983 claims, the Magistrate Judge noted that, to prevail, Page would have to show that BMHCC acted under color of state law. (*Id.* at PageID # 323) (quoting *Green v. Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012)). Page, however, failed to allege any specific facts to show that BMHCC should be treated as a state actor:

> Page argues that the public function doctrine transforms the private parties into state actors for purposes of this case. The public function test requires that the private actor exercise powers that are traditionally reserved to the state. Only a narrow range of private action has been deemed state action under this test, such as holding elections, taking private property under the eminent domain power, or operating a company-owned town. To determine whether the public function test is satisfied, the court conducts a historical analysis to determine whether the party has engaged in an action traditionally reserved to the state, and the plaintiff bears the burden of making that showing. Page has not made that showing here. His complaint does not include any details about BMHCC's, Methodist's, Epic's, CorVel's, and West's alleged actions. In response to some of the defendants' motions to dismiss, Page argues generally that the defendants acted under the color of state law and that their acts included—but were not limited to—(a) the use of threats and intimidation; (b) perjury; (c) bribery; and (d) corrupt misleading conduct. But any individual citizen can commit those acts, and Page has not shown that BMHCC, Methodist, Epic, CorVel, and West exercised powers traditionally reserved exclusively for the state.

(*Id.* at PageID # 324-25) (internal quotations, brackets, and citations omitted).

---

[1] To the extent Page is, in fact, relying on the eight federal criminal statutes cited in his Complaint as independent bases for his claims, the Magistrate Judge concluded none of those statutes provide a private right of action. (Doc. No. 48 at PageID # 319.)

4

With regard to Page's § 1985 claims, the Magistrate Judge acknowledged that the Supreme Court has interpreted this statute to require that "racial, or . . . otherwise class-based, invidiously discriminatory animus" motivate any conspiracy to deprive a person of equal protection or equal privileges and immunities. (*Id.* at PageID # 326) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) & *Webb v. United States*, 789 F.3d 647, 672 (6th Cir. 2015)). BMHCC specifically asserted in its motion that Page had not alleged that the Defendants targeted him based on his race or any other protected class status. Page never responded to that argument, nor did his Complaint allege any facts that would allow the Court to infer any such motivation on the part of the Defendants. (*Id.*)

Finally, with regard to Page's RICO claims, the Magistrate Judge focused on whether Page had plausibly alleged that BMHCC and the other Defendants had engaged in any predicate racketeering activity, a necessary element of his claim. (*Id.* at PageID # 326-27) (citing *Grow Mich., LLC v. LT Lender, LLC*, 50 F.4th 587, 593-94 (6th Cir. 2022) & *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 411 (6th Cir. 2012)). She concluded Page had not.

In his responses to the Defendants' motions to dismiss, Page had not responded to this argument raised by the Defendants; he had only argued generally that his "rights include a private right of action under RICO." (*Id.*) Moreover, the allegations in Page's Complaint were insufficient:

> Page's complaint includes general allegations that the defendants are participating in a conspiracy to commit Fraud on the Court and, as part of the conspiracy the defendants are covering up the theft of plaintiff's identity and property and have also covered up fraud against Page's mother, Mary Page. In response to some of the defendants' motions to dismiss, Page asserts that the defendants engaged in the use of threats and intimidation; perjury; bribery; and corrupt misleading conduct. Page states that he filed complaints and forms regarding the theft of his identity and property with the Federal Trade Commission, Internal Revenue Service, and the Department of Justice and reported to the IRS the use of his stolen identity to commit fraud in multiple illegal schemes. In response to West's motion to dismiss, Page asserts that West Clinic knowingly and intentionally implemented a fraudulent scheme to steal Page's identity and property.

5

> Page also attaches a copy of a motion to intervene that he filed in a qui tam case against Methodist and West brought under the False Claims Act, in which Page asserts that Methodist Healthcare and West Clinic are co-conspirators in the theft of his identity, intellectual properties, and ideas and that Page's stolen intellectual properties and ideas were used in schemes to defraud Centers for Medicare and Medicaid Services (CMS) and CMS's Innovation Center.
>
> Even liberally construed, these allegations do not state a plausible RICO violation or RICO conspiracy claim against BMHCC, Methodist, EPIC, CorVel, or West because they do not plausibly allege that these defendants engaged in a pattern of racketeering activity or conspired with others to violate RICO.

(*Id.* at PageID # 327-29) (internal quotations, brackets, and citations omitted).

The Magistrate Judge, therefore, recommended that the Court grant the motions to dismiss filed by BMHCC and the other Defendants and dismiss Page's claims against them.

On June 25, 2024, Page filed his "Objections to the Magistrate Judge's Report and Recommendation." (Doc. No. 50.) In it, Page states that he "respectfully objects to the report and recommendations presented to the Honorable Court." (*Id.* at PageID # 336.) The only basis Page offers for this objection is as follows:

> 5. Because of the conspiracy against the Plaintiff's civil rights and the racketeering acts associated under the guise of legitimate court proceedings and attorney services the Plaintiff filed an AFFIDAVIT OF FACTS IN SUPPORT OF THE COMPLAINT in Shelby County Chancery Court. The ("RESPONSE") is attached to the affidavit as Exhibit Y.
>
> Exhibit D

(*Id.*) The referenced Exhibit D purports to be an affidavit filed by Page on June 17, 2024, in a matter styled *Datasync, LLC and Randel Page v. Memphis Distribution Services, Inc. and Mark Guthrie*, pending in the Chancery Court of Shelby County, Tennessee. (Doc. No. 50-1, PageID #

352-58.) Page concludes by asking the Court to "take Plaintiff's objections into consideration" and "provide relief and an injunction for compensation." (Doc. No. 50 at PageID # 337.)[2]

## LAW AND ARGUMENT

1. **Page's generalized objection is, in effect, the same as no objection to the Magistrate Judge's Report and Recommendation.**

The Federal Magistrates Act provides that any party who disagrees with a magistrate judge's recommendations may serve and file written objections to the magistrate judge's report, which triggers *de novo* review by the district judge "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). To give further effect to the "fundamental congressional policy underlying the Magistrate's Act to improve access to the federal courts and aid the efficient administration of justice," the Sixth Circuit, in *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981), imposed a rule that a party who fails to file objections to a magistrate judge's report waives the right to appeal if advised by the magistrate judge of the consequences of failing to file objections. *Id.* at 949-50. The Supreme Court affirmed this rule as a valid exercise of the Sixth Circuit's supervisory power and concluded it was "supported by sound considerations of judicial economy" and "prevent[ed] a litigant from 'sandbagging' the district judge by failing to object and then appealing." *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985).

---

[2] In his Response to the Court's Show Cause Order, attached as Exhibit B to his "objection," Page states that he "withheld consent of referral to the Magistrate Judge because the Plaintiff has filed a Civil Rights complaint and request for injunction. The Plaintiff has filed motions for injunctive relief." (Doc. No. 50-1, PageID # 346.) If and to the extent Page is suggesting that the Defendants' motions to dismiss were not properly referred to the Magistrate Judge, such argument is clearly without merit based on the plain, unambiguous language of the Federal Magistrates Act. *See* 28 U.S.C. § 636(b)(1)(B) (stating that a district judge may, without consent of the parties, designate a magistrate judge to submit proposed findings of fact and recommendations for disposition by the district judge of, among other matters, motions to dismiss for failure to state a claim upon which relief can be granted).

The Sixth Circuit later found that a general objection to a magistrate judge's report does not satisfy the *Walters* rule. *Howard v. Sec'y of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). The Court reasoned:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Id.* at 509.

In line with this Sixth Circuit precedent, the Local Rules for the Middle District of Tennessee provide that objections to a report and recommendation of a magistrate judge "must be written, must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made, and must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections." LR72.02(a). Failure to comply with this requirement constitutes "a waiver of any right to raise the matter in further proceedings." LR72.03.

Here, as required under *Walters*, the Magistrate Judge noted in her Report that Page had 14 days to file specific written objections and that "[f]ailure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided." (*Id.* at PageID # 329.) Page subsequently filed a document in which he states that he "respectfully objects to the report and recommendations presented to the Honorable Court." (Doc. No. 50, PageID # 335.) But that is as far as he goes.

8

Page fails to identify any specific legal or factual finding of the Magistrate Judge that he contends was in error. Instead, without any reference to the Report and Recommendation, Page simply reiterates his conclusory allegation that the Defendants are engaged in a conspiracy against his civil rights and are participating in "racketeering acts." (Doc. No. 50, PageID # 336.) Page also refers to an attached affidavit which likewise makes no reference to any finding or conclusion in the Magistrate Judge's Report and Recommendation. (Doc. No. 50-1, PageID # 351-58.) "Objections which do not identify an error are meritless." *Parker v. Hankook Tire Mfg. Tenn., LP*, No. 3:22-cv-00063, 2023 U.S. Dist. LEXIS 37687, at *2-3 (M.D. Tenn. Mar. 7, 2023) (citations omitted). In the absence of proper, specific objections to a Report and Recommendation, the Court is under no obligation to review it, under a *de novo* standard or any other standard, and may adopt the Magistrate Judge's findings and recommendations. *Arteaga v. Cinram-Technicolor*, No. 3:19-cv-00349, 2022 U.S. Dist. LEXIS 76489, at *3-4 (M.D. Tenn. Apr. 27, 2022) (citations omitted). It would be warranted and appropriate for the Court to do so here and dismiss the claims against BMHCC.

2. **Page's affidavit should not be considered because the issue before the Magistrate Judge and now this Court is whether Page's claims against BMHCC should be dismissed under Rule 12(b)(6).**

Rather than referring the Court to his Complaint to point out allegations that the Magistrate Judge might have overlooked in recommending that BMHCC's motion to dismiss be granted, Page instead refers the Court to his own affidavit, which was prepared for a separate action in a separate court asserting separate claims against separate parties. BMHCC based its motion to dismiss on Rule 12(b)(6). (Doc. No. 7.) Matters outside the pleadings may not be considered in ruling on such a motion unless the motion is converted to one for summary judgment. *Gant v. S Means LLC*, No. 1:19-cv-00090, 2020 U.S. Dist. LEXIS 85897, at *4-5 (M.D. Tenn. May 15, 2020) (citing FED. R.

CIV. P. 12(d)).[3] While there are some exceptions to this rule—courts may consider public records, items appearing in the record of the case, and documents attached to the defendant's motion to dismiss if such documents are referred to in the complaint and are central to the claims in the complaint, *e.g.*, *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)—Page's self-serving affidavit does not fall into any of those categories. Page already has the benefit of the Court "accept[ing] all well-pleaded factual allegations in the complaint as true, and draw[ing] all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

So, the focus of the Court's inquiry should properly remain on what Page alleged in his Complaint and whether those allegations plausibly state a claim against BMHCC. *See Gant*, 2020 U.S. Dist. LEXIS 85897, at *5 (declining to rely on the plaintiff's affidavit when considering the defendant's motion to dismiss). As the Magistrate Judge correctly concluded, they do not.

3. **Even if the Court were to consider Page's "objections" and his affidavit, Page still fails to provide any basis for rejecting the Magistrate Judge's Report and Recommendation.**

The Magistrate Judge recommended dismissal of Page's § 1983 claims because he had failed to allege any facts to show that BMHCC exercised any powers traditionally reserved to the state. (Doc. No. 48, PageID # 324.) Page's "objections" and affidavit similarly fail to point to any

---

[3] BMHCC adamantly denies the allegations made against it in Page's affidavit, all of which seem to pertain to a lawsuit filed by Monorail Healthcare Services, LLC, an entity of which Page was CEO and a co-owner, against BMHCC and Epic in the Circuit Court of Shelby County. Notably, in 2021, Judge Mary Wagner granted the joint motion filed by BMHCC and Epic for summary judgment and dismissed with prejudice all of Monorail's claims against those defendants, including its claims for misappropriation of trade secrets. No appeal was ever taken, nor was any motion under Tenn. R. Civ. P. 60 ever filed. BMHCC reserves all defenses related to this dismissal with prejudice, including but not limited to res judicata and collateral estoppel.

10

Case 3:23-cv-00851   Document 51   Filed 07/08/24   Page 10 of 13   PageID #: 368

allegations to establish this necessary element of this claim or to cite any authorities to show that the Magistrate Judge applied an incorrect legal standard.

The Magistrate Judge recommended dismissal of Page's § 1985 claims because Page failed to allege any facts to show the Defendants targeted him based on his race or any other protected class status. (Doc. No. 48, PageID # 326.) Neither his "objections" nor his affidavit contains any allegations that address this issue or that otherwise show the Magistrate Judge's conclusion was in error.

Finally, the Magistrate Judge recommended dismissal of Page's RICO claims because Page had failed to plausibly allege the Defendants engaged in any pattern of racketeering activity or conspired with others to violate RICO. (Doc. No. 48, PageID # 328.) To establish a civil RICO claim, a plaintiff must allege, among other things, "two or more predicate racketeering offenses." *Grow Mich., LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022). As noted by the Magistrate Judge in his Report and Recommendations, Page attempts to establish this element by making general allegations that the Defendants have conspired to commit fraud in an effort to "steal" Page's property and identity. (*Id.* at PageID # 327-28.) Page does not dispute this characterization of his claim. Indeed, in his affidavit, he continues to generally allege that the Defendants have engaged in fraudulent conduct. (*See* Doc. No. 50-1, PageID # 352-58.)

The RICO statute sets out an exclusive list of acts that can constitute predicate racketeering offenses at 18 U.S.C. § 1961(1). *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993). Common law fraud is not among the claims enumerated in 18 U.S.C. § 1961(1), and, as such, cannot support a RICO claim. *Hira v. New York Life Ins. Co.*, No. 3:13-cv-527, 2015 U.S. Dist. LEXIS 57860, at *9-10 (E.D. Tenn. May 4, 2015) (collecting cases). Page has not otherwise alleged any facts, either in his Complaint or in his affidavit, that, taken as true, would show that BMHCC and the other

Defendants engaged in any predicate racketeering offense under 18 U.S.C. § 1961(1), much less two of them. As a result, Page has failed to plausibly state a civil RICO claim against BMHCC. *See Anderson v. First Horizon Bank*, No. 2:22-cv-02429, 2024 U.S. Dist. LEXIS 71871, at *5-8 (W.D. Tenn. Apr. 19, 2024) (adopting report and recommendation of magistrate judge and dismissing plaintiff's RICO claim on the ground the plaintiff had failed to plausibly allege a single predicate offense).

## CONCLUSION

Magistrate Judge Newbern correctly concluded BMHCC's motion to dismiss should be granted, and Page has failed to present any valid objection to that recommendation or to otherwise show that the recommendation was in error. Therefore, BMHCC respectfully requests that this Court adopt the Report and Recommendation in full and dismiss Page's claims against BMHCC with prejudice.

Respectfully submitted,

Harris Shelton Hanover Walsh, PLLC

*s/Emily Hamm Huseth*
Emily Hamm Huseth  TN BPR No. 29192
6060 Primacy Parkway, Suite 100
Memphis, Tennessee 38119
(901) 525-1455 (Telephone)
(901) 526-4084 (Fax)
ehuseth@harrisshelton.com
*Attorneys for Defendant*
*Baptist Memorial Health Care Corporation*

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of July, 2024, a true and correct copy of the foregoing document was served via U.S. Mail on Plaintiff, Randel Edward Page, Jr., 13535 Cathy Road, Byhalia, MS 38611, and on the following counsel of record via the Court's electronic filing system:

| | |
|---|---|
| Brigid M. Carpenter<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.<br>1600 West End Ave., Suite 2000<br>Nashville, TN 37203<br>Email: bcarpenter@bakerdonelson.com<br>*Attorney for Defendant Methodist Le Bonheur Healthcare* | Chad M. Jackson<br>Morgan, Akins & Jackson, PLLC<br>10 Burton Hills Blvd., Suite 210<br>Nashville, TN 37215<br>Email: cjackson@morganakins.com<br>*Attorney for Defendant CorVel Corporation* |
| Buckner Wellford<br>Jerrick Murrell<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.<br>165 Madison Ave., Suite 2000<br>Memphis, TN 38103<br>Email: bwellford@bakerdonelson.com<br>Email: jmurrell@bakerdonelson.com<br>*Attorneys for Defendant Methodist Le Bonheur Healthcare* | John-David H. Thomas<br>Mackenzie Hobbs<br>Barnes & Thornburg LLP<br>827 19th Avenue South, Suite 930<br>Nashville, TN 37203<br>Email: jd.thomas@btlaw.com<br>Email: mackenzie.hobbs@btlaw.com<br>*Attorneys for The West Clinic* |
| Heather C. Ross<br>Office of the Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202<br>Email: Heather.Ross@ag.tn.gov<br>*Attorney for Defendant the State of Tennessee* | Joel E. Tragesser<br>Quarles & Brady LLP<br>135 N. Pennsylvania Street, Suite 2400<br>Indianapolis, Indiana 46204<br>Email: joel.tragesser@quarles.com<br>*Attorney for Defendant Epic Systems Corporation* |

*s/Emily Hamm Huseth*
Emily Hamm Huseth