IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RANDEL EDWARD PAGE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:23-cv-00851 |
| | ) |
| UNITED STATES OF AMERICA, et. al., | ) |
| | ) Judge Williams Campbell, Jr. |
| Defendants. | ) Magistrate Judge Alistair Newbern |

**THE WEST CLINIC, PLLC'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**INTRODUCTION**

Magistrate Judge Newbern's Report and Recommendation (D.E. 48) correctly set forth the procedural history of this action, accurately described Page's claims against The West Clinic, PLLC, ("West"), and properly determined that those claims have no support in the law or the allegations in Page's Complaint and should therefore be dismissed. Page's Response to Order to Show Cause (D.E. 49), and Objections to the Magistrate Judge's Report and Recommendation ("Objection") (D.E. 50) offer no arguments that in any way refute Magistrate Judge Newbern's findings and recommendations. As such, the Report and Recommendation should be adopted by the Court, and Page's claims should be dismissed.

**PROCEDURAL HISTORY**

The Court is familiar with the procedural history of this Action. To additional detail is required, West believes that Magistrate Judge Newbern's Report and Recommendation succinctly sets forth the relevant procedural history.

## LAW AND ARGUMENT

Any party who disagrees with a report and recommendation issued by a Magistrate Judge may serve and file written objections to that Report and Recommendation, at which point the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.." 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) (affirming *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981) (a party who fails to file objections to a Magistrate Judge's report waives the right to appeal if advised by the Magistrate Judge of the consequences of failing to file objections.). But any objection must set forth *specific* objections. "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). The Local Rules for this district echo these requirements, stating that objections "must be written, must state with *particularity* the *specific* portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made, and must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections." LR72.02(a) (emphasis added). Failure to comply with these requirements constitutes "a waiver of any right to raise the matter in further proceedings." LR72.03.

Here, Magistrate Judge Newbern warned Page that he had 14 days to file any objections and that "[f]ailure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided." (D.E. 48 at PageID # 329.) While Page timely filed a document styled as his "Objections," he failed to identify any specific legal or factual finding of the Magistrate Judge that he contends was in error. Instead,

he merely reiterated his general and conclusory allegations of conspiracy amongst the Defendants against his civil rights. (*See* D.E. 50, PageID # 336.) An affidavit Page filed as an attachment similarly makes no reference to any finding or conclusion in the Report and Recommendation. (*See* D.E. 50-1, PageID # 351-58.). In substance, Page's Objection and associated other filing do not comply with law or this Court's local rules.

Moreover, since "[o]bjections which do not identify an error are meritless," the Court is under no obligation to review it, under a *de novo* standard or any other standard, and may adopt the Magistrate Judge's findings and recommendations. *Parker v. Hankook Tire Mfg. Tenn., LP*, No. 3:22-cv-00063, 2023 U.S. Dist. LEXIS 37687, at *2-3 (M.D. Tenn. Mar. 7, 2023); *see also Arteaga v. Cinram-Technicolor*, No. 3:19- cv-00349, 2022 U.S. Dist. LEXIS 76489, at *2 (M.D. Tenn. Apr. 27, 2022) ("The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter.")[1]

. . .

---

[1] Even if this Court were to review the questions addressed in Magistrate Judge Newbern's Report and Recommendation *de novo*, it would assuredly reach the same conclusion: That Page's Complaint should be dismissed because he had failed to allege that West exercised powers traditionally reserved to the state or that West targeted him based on race or another protected class status and that Page's RICO claims should be dismissed because he failed to plausibly allege that Defendants engaged in any pattern of racketeering activity or conspired with others to harm Page or violate his civil rights. *See* D.E. 48, PageID # 324, 326, 328. .)

## CONCLUSION

Magistrate Judge Newbern's Report and Recommendation proves a thorough analysis of Page's allegations and the relevant law, and correctly concludes that West's Motion to Dismiss should be granted. In response, Page fails to present any specific objections or otherwise show that the Report and Recommendation is in error. Therefore, West respectfully requests that this Court adopt the Report and Recommendation in full, and dismiss Page's claims against West with prejudice.

Respectfully submitted,

*s/ J.D. Thomas*
John-David H. Thomas (TN BPR No. 027582)
Mackenzie Hobbs (TN BPR No. 040271)
Barnes & Thornburg LLP
1600 West End Avenue, Suite 800
Nashville, TN 37203
jd.thomas@btlaw.com
mackenzie.hobbs@btlaw.com

*Attorneys for The West Clinic, PLLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 15, 2024, a true and exact copy of the foregoing document was served on all counsel of record via the Court's electronic filing system to the following:

| | |
|---|---|
| Heather Cairns Ross<br>Tennessee Attorney General's Office<br>P O Box 20207<br>Nashville, TN 37202-0207<br>Email: heather.ross@ag.tn.gov | Joel E. Tragesser<br>Quarles & Brady (IN Office)<br>135 N Pennsylvania Street<br>Suite 2400<br>Indianapolis, IN 46204<br>Email: joel.tragesser@quarles.com |
| Chad M. Jackson<br>Morgan & Akins, PLLC<br>10 Burton Hills Blvd.<br>Suite 210<br>P O Box 158657<br>Nashville, TN 37215<br>Email: cjackson@morganakins.com | Emily H. Huseth<br>Harris / Shelton<br>6060 Primacy Parkway<br>Suite 100<br>Memphis, TN 38119<br>Email: ehuseth@harrisshelton.com |
| Brigid M. Carpenter<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, PC (Nash)<br>1600 West End Avenue<br>Suite 2000<br>Nashville, TN 37203<br>Email: bcarpenter@bakerdonelson.com | Buckner P. Wellford<br>Baker Donelson (Memphis)<br>165 Madison Avenue<br>Suite 2000<br>Memphis, TN 38103<br>Email: bwellford@bakerdonelson.com |

      I also hereby certify that a true and exact copy of the foregoing documents was served via U.S. mail on the following individual:

Randel Edward Page, Jr.
13535 Cathy Road
Byhalia, MS 38611

                                          *s/ John-David H. Thomas*
                                          John-David H. Thomas