IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RANDEL EDWARD PAGE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:23-cv-00851 |
| | ) | |
| UNITED STATES OF AMERICA, ET AL., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE NEWBERN |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 48). In the Report and Recommendation, the Magistrate Judge recommends that the motions to dismiss filed by Defendants the State of Tennessee ("Tennessee"), Baptist Memorial Health Care Corporation ("BMHCC"), Methodist Le Bonheur Healthcare ("Methodist"), Epic Systems Corporation ("Epic"), CorVel Corporation ("CorVel"), and The West Clinic, PLLC ("West") (Doc. Nos. 7, 9, 15, 20, 34, 36) be granted. Plaintiff filed objections (Doc. No. 50). For the reasons discussed below, the Magistrate Judge's Report and Recommendation is **ADOPTED** and **APPROVED**.

Plaintiff also filed a response to the Order to Show Cause (Doc. No. 49), requesting an extension of time to effect service of process on Defendant the United States of America. For the reasons set forth below, Plaintiff's request for an extension of time is **DENIED** and Plaintiff's claims against the United States of America are **DISMISSED** for failure to effect timely service of process under Fed. R. Civ. P. 4(m).

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

### A. The Magistrate Judge's Report and Recommendation

Plaintiff brings claims against Defendants under 42 U.S.C. §§ 1983 and 1985; 28 U.S.C. §§ 1343 and 1361; and 18 U.S.C. §§ 242, 371, 666, 1001, 1341, 1509, 1951, and 1962. (*See* Doc. No. 1). Plaintiff states that the events giving rise to his claims against Defendants took place between 2017 and the present from two state court cases in Shelby County, Tennessee and one federal court case filed in this Court. (*Id.* at PageID # 5-6).

The Magistrate Judge determined that Plaintiff's criminal statutory claims should be dismissed because none of them provide a private right of action. (Report and Recommendation, Doc. No. 48 at 7-8). The Magistrate Judge also determined that Tennessee is entitled to Eleventh Amendment sovereign immunity, thus Plaintiff's claims against it should therefore be dismissed under Fed. R. Civ. P. 12(b)(1). (*Id.* at 11).

The Magistrate Judge determined that Plaintiff's Section 1983 claims against Defendants BMHCC, Methodist, Epic, CorVel, and West should also be dismissed because Plaintiff failed to

show that they "exercise[d] powers traditionally reserved exclusively to the state", which is required to sustain a Section 1983 claim. (Doc. No. 48 at 13) (internal citation omitted).

The Magistrate Judge also recommended dismissing Plaintiff's Section 1985 claims against Defendants BMHCC, Methodist, Epic, CorVel, and West because Plaintiff failed to show that the Defendants "acted with any class-based animus", which is required to sustain a Section 1985 claim. (Doc. No. 48 at 14) (internal citation omitted).

Finally, the Magistrate Judge recommended dismissing Plaintiff's RICO claims against Defendants BMHCC, Methodist, Epic, CorVel, and West because Plaintiff failed to state a plausible RICO violation or RICO conspiracy claim. (*Id.* at 16).

On June 25, 2024, Plaintiff filed a document titled "Objections to the Magistrate Judge's Report and Recommendation" which provides the following:

1. An ORDER TO SHOW CAUSE was filed on June 11th, 2024.

   Exhibit A

2. The ("ORDER") gave the Plaintiff till June 24, 2024, to show why the Court should extend the time for Page to effect service of process on the United States and why the Magistrate Judge should not recommend that the Court dismiss Page's claims against the United States.

3. On June 14th 2024, the Plaintiff mailed his ("RESPONSE") via UPS.

   Exhibit B

4. On June 17th, 2024, the Plaintiff received an email from UPS that the ("RESPONSE") was delivered and signed for by the United States Marshals Service.

   Exhibit C

5. Because of the conspiracy against the Plaintiff's civil rights and the racketeering acts associated under the guise of legitimate court proceedings and attorney services the Plaintiff filed an AFFIDAVIT OF FACTS IN SUPPORT OF THE COMPLAINT in the Shelby County Chancery Court. The ("RESPONSE") is attached to the affidavit as Exhibit Y.

3

Exhibit D

(Doc. No. 50 at PageID # 336). Exhibit D, as referenced in Plaintiff's objections, appears to be an affidavit from a state court case. (Doc. No. 50-1 at PageID # 352-358).

The Court finds that Plaintiff failed to timely file any specific objection to the Magistrate Judge's Report and Recommendation. Instead, Plaintiff asserts general and vague allegations that have the same effect as failing to object at all. *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report").

Here, Plaintiff fails to identify any specific legal or factual findings included in the Magistrate Judge's Report and Recommendation that he contends were erroneous. Indeed, Plaintiff fails to state any objection to the Magistrate Judge's recommendation of dismissal of Defendants Tennessee, BMHCC, Methodist, Epic, CorVel, and West. "Objections which do not identify an error are meritless." *Parker v. Hankook Tire Mfg. Tennessee, LP,* No. 3:22-CV-00063, 2023 WL 2390672, at *1 (M.D. Tenn. 2023) (internal citations omitted); *Adams v. Yates Servs. Nissan*, No. 3:15-CV-00490, 2016 WL 2607028, at *1 (M.D. Tenn. May 6, 2016) (internal citation omitted) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific

objections and is tantamount to a complete failure to object."). Accordingly, the Court finds that Plaintiff's objections are meritless.

**B. Plaintiff's Request for Extension of Time**

Fed. R. Civ. P. 4(i)(1) provides that:

To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Plaintiff filed his Complaint on August 15, 2023. (Doc. No. 1). Thus, the deadline for him to effect service of process on the United States was November 13, 2023. Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Plaintiff failed to indicate that he sent a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C." as Rule 4(i)(1)(B) requires. (Doc. No. 47). Accordingly, the Court ordered Plaintiff to show cause why his claims against the United States should not be dismissed for failure to effect timely service of process. (Doc. No. 47).

On June 18, 2024, Plaintiff filed a response to the Show Cause Order, which provided as follows:

1. The Plaintiff withheld consent of referral to the Magistrate Judge because

the Plaintiff has filed a Civil Rights complaint and request for injunction. The Plaintiff has filed motions for injunctive relief.

2. 28 USC § 636 (b) (1) (A) states:

(b)(1) Notwithstanding any provision of law to the contrary— (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

3. A conspiracy against the Plaintiff's Civil Rights is being perpetrated by the Defendants violating 18 USC § 241. The conspiracy continues to cause financial damage and irreparable damage.

4. As part of the conspiracy, 15 USC § 1 and 15 USC § 2 have been violated causing harm to the Plaintiff.

5. The Civil Rights complaint is supported by substantial and material evidence that is in the possession of the Shelby County Chancery Court located at 140 Adams, Memphis TN 38103, the Department of Justice and the Shelby County District Attorney's Office located at 201 Poplar Avenue, Memphis TN 38103.

## **CONCLUSION**

6. For good cause the Plaintiff request an extension of time to effect service of process on the United States.

(Doc. No. 49).

"If the plaintiff shows good cause for not effecting timely service of process, then extending the time for service is mandatory." *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. 2023) (internal citation omitted). The Sixth Circuit has "defined 'good cause' as 'a reasonable, diligent effort to timely effect service of process'" and recognizes that good cause exists in the following scenarios: "(1) when the defendant has intentionally evaded service; (2)

6

when the district court has committed an error; and (3) when a pro se plaintiff suffers from a serious illness." *Id.* (internal citation omitted).

Even when a plaintiff fails to make a showing of good cause, the Court may exercise its discretion to permit late service. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (internal citations omitted). The Sixth Circuit considers the following factors when determine whether to grant a discretionary extension of time:

> (1) whether an extenstion. [sic] of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Haaland*, No. 22-5440, 2023 WL 6470733, at *3 (internal citation omitted). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); see also *Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). Thus, "[I]t is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice upon the court's own initiative with notice to the plaintiff." *Gabriel v. W. Express Trucking Co.*, No. 3:22-CV-00288, 2023 WL 5045000, at *2 (M.D. Tenn. Aug. 8, 2023) (internal citation omitted).

Here, Plaintiff has failed to effectuate service and the deadline for service has long passed. Plaintiff has failed to set forth any facts justifying the requested extension. Accordingly, the Court finds that Plaintiff has failed to demonstrate that good cause exists and that none of the identified factors weigh in favor of granting Plaintiff a discretionary extension of time. Accordingly, Plaintiff's requested extension is denied.

## III. CONCLUSION

For the reasons described above, Plaintiff's objections fail to state viable grounds to challenge the Magistrate Judge's conclusions or otherwise provide a basis to reject or modify the Report and Recommendation. Thus, the Court concludes that Plaintiff's objections are without merit, and that the Report and Recommendation (Doc. No. 48) should be **ADOPTED** and **APPROVED**. Accordingly, the motions to dismiss filed by Defendants Tennessee, BMHCC, Methodist, Epic, CorVel, and West (Doc. Nos. 7, 9, 15, 20, 34, 36) are **GRANTED**.

Further, the Court finds that Plaintiff has failed to set forth facts justifying the requested extension of time to effect service of process on the United States of America. Accordingly, Plaintiff's requested extension (Doc. No. 49) is **DENIED** and Plaintiff's claims against the United States of America are **DISMISSED** for failure to effect timely service of process. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE